

BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAND AIR & SEA TRANSPORT LTD., <br><br> Plaintiff, <br><br> -against- <br><br> CHINA PHOS-CHEM TRANSPORTATION LTD., <br><br> Defendant. | 09 Civ. 1403 (RMB) <br><br> **AMENDED VERIFIED COMPLAINT** |



Plaintiff, Land Air & Sea Transport Ltd. ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named defendant, China Phos-Chem Transportation Ltd. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and is a Gibraltar company with an office at Suite 2A, Eurolife Building, 1 Corral Road, Gibraltar.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of the People's Republic of China or another foreign nation

with an office at Apartment No. 1502, Building No. 39, Sentosa Mansion, Huju Bei Road, Nanjing, China, with no place of business in the United States.

4. By a charter party dated on or about April 28, 2008 ("the Charter"), Plaintiff chartered the M/V BM CHALLENGER ("the Vessel") to Defendant to carry bulk Urea ("the Cargo") from Mesaieed, Qatar, to Ulsan, Korea. Exhibit A is a copy of the Charter.

5. The Charter obliged Defendant to pay "freight" for the cargo of $58 per metric ton.

6. The Charter obliged Defendant to pay 100% freight "within 7 banking days after completion of loading."

7. The Charter obliged Defendant to pay "demurrage" at a rate of $15,000 per day pro rata.

8. The Vessel loaded the Cargo, sailed from Masaieed, and arrived at Ulsan on June 11, 2008.

9. At Ulsan, the Vessel was delayed beyond the time allowed in the Charter by 3.207 days, which, at $15,000 per day pro rata, equals $48,106.06.

10. In addition, the Vessel was required to do additional shifting at Ulsan, in breach of the Charter, and, in so doing, consumed 2.9 metric tons of bunkers which, at $1,250.50 per metric ton, had a value of $3,626.45, the value of which was paid by Plaintiff.

11. Defendant owes Plaintiff demurrage in the sum of $48,106.06, less commission of $1,803.97, plus the value of bunkers consumed while shifting in the amount of $3,626.45, totaling $49,928.54, which remains unpaid, despite due demand. Exhibit B is a copy of Plaintiff's invoice for this amount to Defendant.

12. The Charter provided for arbitration of disputes in London with English law to apply. Plaintiff reserves its right to arbitrate its disputes in London pursuant to 9 U.S.C. §8 and will commence arbitration promptly upon the attachment of any funds as requested herein.

13. Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates: recoverable interest will amount to at least $5,991.42 at a rate of 6% per year for at least 2 years; recoverable arbitral costs and legal expenses will be incurred in pursuing its claim against Defendant in the sum of at least $10,000 amounting in all to recoverable interest and expenses of at least $15,991.42.

14. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **$65,919.96.**

15. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

16. In carrying out its international business activities, Defendant makes transfers in U.S. dollars. For example, prior to its breach, Defendant or its nominee, remitted freight in the amount of $836,325.68 to Plaintiff by dollar-denominated electronic funds transfers from an account at China Merchants Bank to Plaintiff's account at BNP Paribas in Hong Kong. This transfer was cleared by one or more intermediary banks in New York, including BNP Paribas.

127297.00605/6708923v.1                3

**WHEREFORE**, Plaintiff prays:

A.	That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.	That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **$65,919.96** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.	That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action.

D.	That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

E. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
February 20, 2009

Respectfully submitted,

BLANK ROME, LLP
Attorneys for Plaintiff

By_____
LeRoy Lambert (LL-3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
llambert@blankrome.com

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
LeRoy Lambert

Sworn to before me this
20th day of February, 2009

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov 30, 2009

127297.00605/6708923v.1

6

BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAND AIR & SEA TRANSPORT LTD., <br><br> Plaintiff, <br><br> -against- <br><br> CHINA PHOS-CHEM TRANSPORTATION LTD., <br><br> Defendant. | 09 Civ. 1403 (RMB) <br><br> **AFFIDAVIT PURSUANT TO** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Amended Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of defendant CHINA PHOS-CHEM TRANSPORTATION LTD. ("Defendant"), a foreign corporation, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

2. Defendant is a party to the maritime contract of charter party on which this claim is based, and is a foreign corporation or other business entity organized and existing under the

127297.00605/6714488v.1

laws of the People's Republic of China or another foreign jurisdiction.

3. Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

5. We have been advised that the U.S. Marshal's Service lacks sufficient staff to effect service of Process of Maritime Attachment and Garnishment promptly or economically. I respectfully request that the Court appoint Michael Watson, or any other person appointed by Blank Rome LLP who is over 18 years of age and is not a party to this action, to serve Process of Maritime Attachment and Garnishment and supplemental process on the garnishees named in Schedule A to the Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Process Service, or upon any other or additional garnishees as may be named in any supplemental Process of Maritime Attachment and Garnishment.

                                                                                       LeRoy Lambert

Sworn to before me this
20th day of February, 2009

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires NOV. 30, 2009

2

127297.00605/6714488v.1

HD DXB



DATED : 28-04-2008.

## FIXTURE NOTE

IT HAS BEEN MUTUALLY AGREED BETWEEN M/S LAST AIR AND SEA TRANSPORT, GIBRALTER, AS COMMERCIAL MANAGERS OF THE VESSEL AND CHARTERERS   M/S CHINA PHOSE – CHEM TRANSPORT LTD TEL : 025 – 58800190 / 83980648, FAX : 025-58804747, CHIAN   FOR THE CONTRACT OF CARRIAGE OF 15,000MT 10% MOLOO BULK UREA FROM MESAIEED QATER TO ULSAN, S.KOREA. DETAILS OF WHICH IS AS FOLLOWS :

M/V BM CHALLENGE
TWN-MPP - BLT 80 - PAN FLG
17343 MT DWT ON 9.67 MTRS
GRT/NRT 11913/7807
LOA/BEAM 153.15/21.25
GR/BL 26110/24281
5HO/HA
GEARLESS
12 @ 20MT IFO + 2 TS MDO, IN PORT 8/24 HRS 2.0/4 TS MGO
ADA WOG

1. A/C :e Charterers :   China Phos-Chem Transportation LTD.
    Apartment No. 1502
    Building No. 39.
    Sentosa Mansion
    Huju bei Road
    Nanjing China.
    Tel : 025-58800190 / 83980648,
    Fax : 0254-58804747.

1. -15,000MT   BULK UREA 10PCT MOLOO SF 1.4 WOG
    Abt Prilled urea 3/4mt in one hold and balance cargo of
    Granular Urea  abt 12,000mt in rest of the holds.
    However chatrs load / provide /distribute the cargo in such as way that
    Owners can load Full n complete cargo.

2. - LOADING PORT : 1/2 SPB MESAIEED, QATAR.

3 - DISCHARGING PORT : 1SPB Ulsan CHTRS GTEE SWD10.20M

4. - LAYCAN : 7 / 13 MAY, 08 TENTATIVE ETA OF THE VSL ARND 8TH MAY, 08

5. - L/RATE : 6000MT PWWD FHEX EIU FOR ABT 12,000MT G.UREA



FAX NO.                                  07/03/00 00:34        P. 002



2

AND L/RATE : 4500MT PWWD FHEX EIU FOR PRILLED UREA OF ABT 3/4000MT
IN ONE HOLD.

6. - D/RATE : 2500MT PWWD SHINC  REST AS PER GENCON, 1994

7. - FREIGHT RATE: USD 58.00PMT BSS 1/1 FIOST.

8. - DEM/DES : 15,000MT PDPR  DHD WTS BENDS.

9. - FULL FREIGHT TO BE PAID TO OWNERS NOMINATED BANK ACCOUNT WITHIN
     7 BANKING DAYS AFTER COMPLETION OF LOADING, SIGNING AND
     RELEASING BILL(S) OF LADING, REMARKED "FREIGHT PAYABLE AS PER C/P",
     BUT  ALWAYS  BEFORE BREAK BULK, AND DISCOUNTLESS
     NON- RETURNABLE WHETHER VESSEL A/O CARGO LOST OR NOT LOST,
     UNDISPUTED DEM/DESP AT LOAD PORT TO BE SETTLE A/W THE FRT IF ANY.

10. - IF THE BS/L MARKED "FRT PREPAID", AFTER GETTING WRITTEN APPROVAL
         FRM  THE OWNERS  IT WILL BE DETAINED BY LOCAL AGENT TILL
OWNERS
        RECEIVE FULL FRT IN TO THEIR NOMINATED BANK A/C  FRM THE CHARTRS.

11. - TAX/DUES ON CARGO TO BE FOR CHTRS ACCT, SAME ON VSL/FRT TO BE FOR
OWNRS ACCT.

12. - SHORESIDE TALLY TO BE FOR CHTRS ACCT AND SHIPSIDE TALLY TO BE FOR
OWNERS ACCT.

13. - CARGO TO BE RELEASED AGAINST ORIGINAL B/L OR RECEIVERS LOI OR
CHARTERERS LOI IN OWNERS P & I CLUB WORDINGS  HOWEVER CHATRS MUST
SUBMIT THE LOI WELL IN TIME.

14. - CHATRS AGENT  BENDS SUB COMPATATIVE D/A WHICH WUD BE APPROVED
BY THE OWNERS.

15. - ANY DISPUTES ARISING UNDER THIS CHARTER PARTY ARE TO BE REFERRED
TO ARBITRATION IN HK ACCORDING TO ENGLISH LAW.

16. – IF PORT CONGESTION AT QATAR AND VESSEL WAITING AT ANCHORAGE , IN
WHICH CASE   CHATRS/SHIPPER INSPECT THE VSL AT ANCHORAGE IN ORDER TO
SAVE TIME FOR ALL   ALL PARTIES CONCERNED INCLUDING
SHIPPER/CHATRS/OWNERS.

17. - OVER 75% HUMIDITY THE PORT COULD NOT LOADING IN WHICH CASE,
SHIPPING AGENT MUST TAKE  SIGNATURE FROM THE MASTER

18. ADD COM 3.75%PCT.

19. WHEN LOADING CARGO ONTO VSL, VSL NEED OPEN TWEEN DECK, ONLY CLOSE
HATCH  COVER TWEN DECK WHICH IT MAKES TWO FLATS , LATE CARGO IS NOT SO



# Huadao Shipping (Far East) Ltd.
# HONG KONG

Unit 2505-6, Singga Commercial Centre
148-151 Connaught Road West, Hong Kong
Tel 852 2385 5397 Fax 2300 1362
Internet : huadaohk@netvigator.com

## INVOICE

To: China Phos-Chem Transport Ltd
Fax: 025-58804747
Ka: Ms Catherine

Invoice no: HK581A
Date: Jun 23, 2008

Re: MV BM Challenge – Loading 2,850.165MT Prilled Urea in Bulk & 12,363.121MT Granular Urea in Bulk Ex Mesaieed To Ulsan on May 17, 2008

|  | Amount (USD) |
|---|---|
| Demurrage at Ulsan (As per attached laytime sheet) | 48,106.06 |
| Less: Commission on demurrage 3.75% | 1,803.97 |
| Plus: Bunker consumed for additional shifting 2.9MT MGO @ USD1250.50 | 3,626.45 |
|  | 49,928.54 |

For and on behalf of
HUA DAO SHIPPING (FAR EAST) LIMITED
宏道航運(遠東)有限公司

Authorized Signature(s)

TOTAL US DOLLARS FORTY NINE THOUSAND NINE HUNDRED TWENTY EIGHT AND CENTS FIFTY FOUR ONLY

**This invoice is due on presentation
Please remit via a direct payment order by means of SWIFT MT103 to our USD savings account numbered 00001-204242-008-79 in favour of "Hua Dao Shipping (Far East) Limited" with BNP Paribas, Hong Kong Branch, SWIFT Address: BNPAHKHH, Bank Code: 056
Correspondent Bank: BNP Paribas, New York Branch, SWIFT Address: BNPAUS3N, CHIPS ABA 0768